**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 15-cv-04596
GERALDO RODRIGUEZ, SR., on behalf of himself
individually and all others similarly situated,

                                    Plaintiff,

                                                                **CLASS ACTION**
            -against-                                           **COMPLAINT**


PALISADES COLLECTION, LLC.,

                                    Defendant.
------------------------------------------------------------------------X

            Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon

knowledge as to himself and his own acts, and as to all other matters upon information

and belief, brings this complaint against above-named defendant and in support thereof

alleges the following:

                            INTRODUCTION

            1.      This is an action for damages brought by an individual consumer

and on behalf of a class for defendant's violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging

in abusive, deceptive and unfair acts and practices.

            2.      Further, this is an action for damages and injunctive relief brought

by an individual consumer against defendant pursuant to New York General Business

Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.      Plaintiff is a natural person who resides in this district.

6.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe financial obligations.

7.      The financial obligations which defendant sought to collect from plaintiff are debts within the meaning of 15 U.S.C. § 1692a(5) in that the obligations which defendant sought to collect from plaintiff were originally incurred, if at all, for personal, family or household purposes to Verizon Pennsylvania, Inc.

8.      Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.     Defendant purchases debts which are already in default.

11.     Defendant purchases consumer debts which are already in default.

12.     Defendant purchases consumer debts which are already in default and which are originally owed or due or alleged to be originally owed or due to others.

13.     Defendant purchases defaulted consumer debts for the purpose of collection.

14.     Defendant collects or attempts to collect the defaulted consumer debts it purchases.

15.     The principal purpose of Defendant's business is the purchase for collection and the collection of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

16.     Defendant uses the mail  in its business the principal purpose of which is the purchase for collection and the collection of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

17.     Defendant  regularly  purchases  for  the  purpose  of  collection  such defaulted consumer debts.

18.     Defendant regularly collects or attempts to collect such defaulted consumer debts either itself or through others.

19.     Defendant regularly uses the mail to collect or attempt to collect defaulted consumer debts which were originally owed or due or alleged to be originally owed or due to others.

20.     Upon information and belief, defendant is a foreign limited liability company incorporated in Delaware.

FACTUAL ALLEGATIONS

21.    Plaintiff re-alleges paragraphs 1-20 as if fully re-stated herein.

22.    At some point in time no later than the year 2003, plaintiff began to receive service at his home from Verizon Pennsylvania, Inc. ("Verizon").

23.    No later than in the year 2004, Verizon alleged that plaintiff had defaulted on his payment for the home service.

24.     The last payment which plaintiff made to Verizon was no later than in the year 2004.

25.    In or around June 2014, defendant mailed two collection letters to plaintiff.

26.    Both letters are dated June 13, 2014.

27.    In each letter defendant attempted to collect a debt for which defendant stated in the letter the original creditor was Verizon.

28.    In each letter defendant stated that it is the current creditor of the debt.

29.    One of defendant's letters ("Letter No. 1") mentions an account number ending in 5067.

30.    The other of defendant's letters ("Letter No. 2") mentions an account number ending in 5068.

31.    Letter No. 1 states, in pertinent part:

"Total amount due as of 06/13/14: $114.18*

                    * * *

*Because of interest, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment."

32.     Letter No. 2 states, in pertinent part:

"Total amount due as of 06/13/14: $93.13*

* * *

*Because of interest, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment."

33.     No agreement which plaintiff had with Verizon expressly authorized defendant's addition of interest to the debt balance.

34.     No applicable law permitted defendant's addition of interest to the debt balance.

35.     Defendant did add interest to the balance of both of plaintiff's debts.

36.     In each letter, defendant offers a "30% Discount Opportunity".

37.     Defendant mailed both letters to plaintiff at plaintiff's address in the Bronx, New York.

38.     At the time defendant mailed the letters it had been more than four years since the last payment was made on any account which plaintiff had with Verizon.

39.     The applicable statute of limitations for plaintiff to be sued for the Verizon debts was no longer than four years.

40.     At the time defendant sent its letters to plaintiff the applicable statute of limitations for plaintiff to be sued for the debts had already expired.

41.     Defendant did not inform plaintiff in its letters dated June 13, 2014 that the statute of limitations to sue him for the debt had already expired.

42.     Defendant did not inform plaintiff in its said letters that any payment towards the debt would revive the statute of limitations.

43.     Plaintiff suffered irritation, emotional distress, stress, confusion and annoyance upon discovering that defendant was improperly seeking to collect interest on the debts and was improperly seeking to deceive him into paying the debts.

AS AND FOR A FIRST CAUSE OF ACTION

Improper addition of Interest and statement concerning the addition of Interest

15 U.S.C. §§ 1692e, 1692e(2)(B), 1692f and 1692f(1)

44.     Plaintiff re-alleges paragraphs 1-43 as if fully re-stated herein.

45.     Defendant added interest to the balance of plaintiff's Verizon debts.

46.     Defendant's addition of interest to the balance of plaintiff's Verizon debts is improper.

47.     Defendant's statement in its letters that:

"Because of interest, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment"

is improper.

48.     Defendant's addition of interest to the balance of the debts is not expressly authorized by any agreement that plaintiff had with Verizon.

49.     Defendant's addition of interest to the balance of the debts is not permitted by any applicable law.

50.     Defendant's statement in its letters concerning the addition of interest to the balance of the debts is not expressly authorized by any agreement that plaintiff had with Verizon.

51.     Defendant's statement in its letters concerning the addition of interest to the balance of the debts is not permitted by any applicable law.

52.    Defendant's addition of interest to the balance of the debts constitutes an attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by any applicable law, in violation of the FDCPA, § 1692f(1).

53.    Defendant's statement in its letters concerning the addition of interest to the balance of the debts constitutes an attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by any applicable law, in violation of the FDCPA, § 1692f(1).

54.    Defendant's addition of interest to the balance of the debts constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

55.    Defendant's statement in its letters concerning the addition of interest to the balance of the debts constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

56.    Defendant's addition of interest to the balance of the debts also falsely represents the compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, including but not limited to § 1692e(2)(B).

57.    Defendant's statement in its letters concerning the addition of interest to the balance of the debts also falsely represents the compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, including but not limited to § 1692e(2)(B).

58.     Further, defendant's addition of interest to the balance of the debts constitutes a false, deceptive and misleading representation or means used by defendant in connection with the collection of a debt, in violation of the FDCPA, § 1692e.

59.     Defendant's statement in its letters concerning the addition of interest to the balance of the debts also constitutes a false, deceptive and misleading representation or means used by defendant in connection with the collection of a debt, in violation of the FDCPA, § 1692e.

AS AND FOR A SECOND CAUSE OF ACTION

15 U.S.C. §§ 1692e and 1692e(2)(A)

*Defendant's Failure to Inform Plaintiff that the Statute of Limitations had Expired*

60.     Plaintiff re-alleges paragraphs 1-59 as if fully re-stated herein.

61.     By failing to inform plaintiff in its letters dated June 13, 2014 that the statute of limitations on the debts had expired, defendant failed to disclose relevant information to plaintiff that would have necessarily influenced plaintiff's decision as to whether to pay the debts or any portion of it.

62.     Defendant knew that if plaintiff paid any portion of the debt, plaintiff would have waived the defense of the statute of limitations.

63.     Defendant knew that if plaintiff paid any portion of the debt, plaintiff would have made himself liable to be sued for the debt all over again.

64.     Upon receipt of defendant's letters, plaintiff did not know the legal effect of paying the debt or any portion of it.

65.     Upon receipt of defendant's letters, the least sophisticated consumer would not know the legal effect of paying the debt or any portion of it.

66.     Upon receipt of defendant's letters, the least sophisticated consumer would believe that she had a legally enforceable obligation to pay the debt.

67.     The offer of a "30% Discount Opportunity" in the letters was made by defendant to entice plaintiff into paying the debts.

68.     The offer of a "30% Discount Opportunity" in the letters was made by defendant to entice plaintiff into paying a portion of the debts.

69.     In addition, pursuant to the Administrative Code of the City of New York, Title 20, Chapter 2, Subchapter 30, § 20-493.2(b) and Title 6, Chapter 2, § 2-191 of the Rules of the City of New York, defendant is prohibited from seeking to collect the debt unless defendant first provides to plaintiff in each and every collection letter the following information:

> "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."

70.     Defendant did not provide this information to plaintiff in its letters dated June 13, 2014.

71.     Defendant's failure to state in its letters dated June 13, 2014 that the debts are beyond the statute of limitations for plaintiff to be sued is a false representation of the legal status of the debt and is therefore in violation of the FDCPA, including but not limited to, § 1692e(2)(A).

72.     Defendant's failure to state in its letters dated June 13, 2014 that the debts are beyond the statute of limitations for plaintiff to be sued constitutes a false and deceptive means used by defendant in its attempt to collect the debt and is in violation of the FDCPA, including but not limited to § 1692e.

AS AND FOR A THIRD CAUSE OF ACTION

NYGBL § 349

73.     Plaintiff re-alleges paragraphs 1 to 72 as if fully re-stated herein.

74.     Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

75.     Defendant's improper addition of interest to the debts and defendant's improper statement concerning the addition of interest to the debts evidence defendant's lack of exercise of reasonable care in the collection of the alleged debts.

76.     Defendant's attempt to collect the debts from plaintiff without stating in its letters dated June 13, 2014 that the applicable statute of limitations for plaintiff to be sued on the debts had already expired evidence defendant's lack of exercise of reasonable care in the collection of the alleged debts.

77.     Defendant breached its duty to collect plaintiff's alleged debt with reasonable care.

- 10 -

78.     Said deceptive and misleading acts and practices were committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

79.     Each of the collection letters in which defendant improperly adds interest to a Verizon debt is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

80.     Each of the collection letters in which defendant improperly includes the statement concerning the addition of interest to a Verizon debt is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

81.     Each of the collection letters in which defendant fails to state that the statute of limitations for suing on the debt had expired is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

82.     Defendant's said collection letters have a broad impact on consumers at large in New York State whose Verizon accounts are placed with defendant for collection.

83.     Upon reading defendant's collection letters dated June 13, 2014, plaintiff did not understand why defendant was adding interest to the balance of the debts.

84.     Upon reading defendant's collection letters dated June 13, 2014, plaintiff did not know and could not know that the legal effect of paying a portion of the debt would be to revive the statute of limitations to be sued.

85.     Therefore, defendant's said letters to plaintiff are deceptive and misleading in a material way.

86.     Plaintiff was deceived and misled by defendant's said letters.

87.     The reasonable consumer would be deceived and misled by defendant's said letters.

88.     That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

89.      Plaintiff suffered irritation, emotional distress, stress, confusion and annoyance upon discovering that defendant was improperly seeking to collect interest on the debts and was improperly seeking to deceive him into paying the debts.

90.     Defendant violated NYGBL § 349(a) and is liable to plaintiff pursuant to NYGBL § 349(h).

CLASS ALLEGATIONS

91.     Plaintiff re-alleges paragraphs 1-90 as if fully re-stated herein.

92.     This action is brought on behalf of plaintiff and the members of two classes, Class A and Class B. Each class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letters sent to plaintiff dated June 13, 2014; (b) the collection letter was sent to a consumer seeking payment of a consumer debt alleged to be originally owed to any Verizon entity; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained the above violations of 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692f and 1692f(1).

93.     Class A shall be further defined as follows:

*All natural persons with addresses in the State of New York to whom defendant sent a collection letter concerning a consumer debt alleged to be originally owed to a Verizon entity, which letter states in sum or substance that because of interest the amount due on the date of payment may be greater, and which letter was not returned by the postal service as undeliverable, from one year before the filing of this complaint to the date of the filing of this complaint inclusive.*

94.     Class A does not include defendant or persons who are officers, directors, or employees of defendant.

95.     Class B shall be further defined as follows:

*All natural persons with addresses in the State of New York to whom defendant sent a collection letter concerning a consumer debt alleged to be originally owed to a Verizon entity, which letter states a debt balance which includes interest, and which letter was not returned by the postal service as undeliverable, from one year before the filing of this complaint to the date of the filing of this complaint inclusive.*

96.     Class B does not include defendant or persons who are officers, directors, or employees of defendant.

97.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, each class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)   There are questions of law and fact common to each class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e, 1692e(2)(B), 1692f and 1692f(1) by stating in its collection letters that interest would be added to balance of Verizon debts and by adding interest to the balance of Verizon debts.

(C)   The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)   The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)   Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of each class.

98.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of each class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of each class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

99.     If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

100.    Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

101.    As a result of the above violations, defendant is liable to plaintiff and the members of each class for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

      (a)     certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

      (b)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

      (c)     awarding individual statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

      (d)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

      (e)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

      (f)     enjoining defendant from misrepresenting the character and legal status of the debt in its collection letters to plaintiff, pursuant to NYGBL § 349;

      (g)     enjoining defendant from adding interest to the balance of the debts and from misrepresenting its ability to add interest to the balance of the debts, pursuant to NYGBL § 349;

      (h)     enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff in its collection letters to plaintiff, pursuant to NYGBL § 349;

      (i)     awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(j)     awarding actual damages pursuant to NYGBL § 349 in an amount
        to be determined at time of trial;

(k)      awarding reasonable attorneys' fees, costs and disbursements
        pursuant to NYGBL § 349(h); and

(l)     awarding such other and further relief as may be just and proper.


DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       June 12, 2015.

                                    __/s/ *Novlette R. Kidd*_____
                                    NOVLETTE R. KIDD, ESQ. (NK 9339)
                                    FAGENSON & PUGLISI
                                    Attorneys for Plaintiff
                                    450 Seventh Avenue, Suite 704
                                    New York, New York 10123
                                    Telephone: (212) 268-2128
                                    Nkidd@fagensonpuglisi.com